<hr>

## Case No. 9,104.

MARRINER et al. v. LUTING.

[N. Y. Times. Oct. 25, 1863.]

District Court, S. D. New York. 1863.

CONTRACTS—AGREEMENT ON INTERPRETATION—ESTOPPEL.

[An agreement as to the proper interpretation of a contract bars each party from thereafter claiming a construction inconsistent therewith.]

[This was a libel by George W. Marriner and others against Charles Luting.]

This was an action to recover a balance of charter money. The vessel was, by the charter, to have "a full cargo of molasses, with 10 per cent. on the number of pieces for small stowage." The charterers did not furnish a full cargo, and on her arrival a dispute arose between the parties as to her capacity. They agreed to leave it to two stevedores to determine, and the stevedores made their report that she would carry 576 hogsheads, 20 tierces, and 56 barrels, and libellants presented a bill made out in that way. The respondent, however, was not satisfied with this award, and the parties met again. He claimed that she would not carry more than 552 hogsheads, and they finally agreed to split the difference on the hogsheads. The respondent, when the bill was again presented next morning, claimed that he should not pay freight on more than 564 hogsheads and 56 barrels, being 10 per cent. on the number of hogsheads. The libellants, however, claimed that they had agreed to settle the bill as it was now made out, deducting the twelve hogsheads agreed to be thrown off.

Beebe, Dean & Donohue, for libellants.
Benedict, Burr & Benedict, for respondent.

SHIPMAN, District Judge, without hearing the counsel for the libellants said he was inclined to the opinion that the respondent was correct in his construction of the charter party, but that as he had not objected to the bill on that ground when first presented, the transaction between the parties was a fixing of the amount to be paid as in the bill stated, less the hogsheads to be deducted, and he gave a decree for the amount claimed by the libellants.

<hr>

MARRIOTT (BRUNE v.). See Case No. 2,052.

<hr>

## Case No. 9,105.

### The MARS.

[Blatchf. Pr. Cas. 150.] [1]

District Court, S. D. New York. April, 1862.

PRIZE—BLOCKADE—PAPERS THROWN OVERBOARD.

Vessel and cargo condemned for an attempt to violate the blockade.

In admiralty.

BETTS, District Judge. The vessel and cargo in this case were neutral, owned by a British subject residing in Halifax, and were captured as prize on the 5th of February, 1862, within a few miles of Fernandina, in Florida, by the United States steamer Keystone State. The schooner was running directly for that port, with a cargo of salt for Inguana, in the West Indies. When the master found that his vessel was pursued by the public ship, he threw overboard some letters or papers, as did also another of the ship's company, — the steward, or a passenger on board. The master and owner of the vessel and cargo knew, as did all the crew, that the ports of the Southern states were in a state of blockade. The vessel purported to be to Halifax; the vessel was kept purposely wide of the true course for that port, under the suggestion that she designed to speak a blockading vessel and inquire if the blockade was still maintained. It is manifest, on the papers taken with the schooner and the preparatory proofs, that the outward and return voyages were planned and set out on foot with intent to evade the blockade and run a cargo of salt into some port of the enemy. Wheat. Mar. Capt. c. 6; Halleck, Int. Law, c. 23. This is so palpable and irrefragable that no appearance or claim has been interposed in behalf of any claimant, but the proceedings have been suffered to go to a decree without contestation.

The interlocutory decree of condemnation having been regularly taken by default against the vessel and cargo, final judgment of condemnation and sale of the vessel and cargo is ordered accordingly.